Filed 7/17/15  P. v. Sanders CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEVONTE TATE SHAQUILLE SANDERS,<br><br>    Defendant and Appellant. | A143837<br><br>(Solano County<br>Super. Ct. Nos.VCR210939 &<br>VCR217890) |

This case involves an appeal after the revocation of several terms of probation defendant was serving.  His appellate counsel has filed this brief following procedures approved in *People v. Wende* (1979) 25 Cal.3d 436.  She has also advised defendant she was implementing this procedure and indicated he may file supplemental materials in support of his appeal. We have not received any supplemental papers from defendant. We have reviewed the record in this case and determine there are no meritorious issues presented which would indicate we should reverse the judgment.  We therefore affirm the revocation of probation in this case.

**STATEMENT OF THE CASE**

Defendant Levonte Sanders (Sanders) was charged in case No. VCR210939, in the County of Solano, with a felony violation of former Penal Code section 12031, subdivision (a)(1)[1] (carrying a loaded firearm) (now § 25850) and a misdemeanor

---

[1] Unless otherwise stated, all statutory references are to the Penal Code of California.

violation of former section 12094 (possession of an altered firearm) (now § 23920). He entered a no contest plea to the section 12031 charge on September 29, 2011, and the other charge was dismissed. Defendant was sentenced to probation with imposition of sentence suspended for three years. Conditions of probation included the requirement to obey all laws, warrantless search, and no weapons.

A motion to revoke probation was filed by the district attorney after defendant was arrested on the charge of residential burglary. On June 10, 2013, Sanders entered a no contest plea to one count of first degree burglary in Solano County Superior Court case No. VCR217890. Based on the new admission of responsibility, defendant was found in violation of the previous probation. On July 5, 2013, defendant was sentenced to imposition of sentence suspended for three years in the residential burglary case, with certain conditions imposed during probation. His earlier probation was modified and extended for two additional years.

Sanders was arrested on a subsequent case, No. VCR221601, and his terms of probation were summarily revoked as a consequence. A formal probation hearing was held on September 15, 2014. The court sustained the allegation he had violated probation.

On November 17, 2014, the trial court refused to again reinstate probation. Instead, the defendant was sentenced to state prison for four years eight months. The first degree burglary conviction in case No. VCR217890 was fixed as the base term, with a midterm sentence of four years imposed. A consecutive sentence of one-third the midterm of eight months was imposed in case No. VCR210939. Defendant also received credits for his sentences.

Defendant filed a notice of appeal on December 1, 2014.

**STATEMENT OF FACTS**

In his original probation case, No. VCR210939, defendant was observed by uniformed police loitering with two other associates. As the police approached,

2

defendant began patting his pocket. The suspect was patsearched and a firearm was found in his pants pocket. Rather than litigate the motion to suppress, defendant entered a no contest plea to this incident.

In case No. VCR217890, M.M. was approaching his home when he observed a car parked in front of his house with the motor running. M.M. saw defendant exiting the front door with the victim's computer bag in his hand. The car sped away from the scene. Sanders dropped the green bag when he saw M.M. and began to run away. M.M. pursued him, but stopped as the chase continued. M.M. noted the bag had his computer and video products inside. When M.M. returned to his home, he observed the window had been pried open. The house was ransacked and other items belonging to M.M. were piled near the front door. M.M. then got inside his car and drove around looking for the vehicle that had been in front of his home. M.M. spotted the car in the neighborhood and called police. The police detained defendant and two men linked to the car. M.M. identified defendant as the man he saw exiting his home with the computer bag.

In the final arrest, police engaged in a traffic stop of a van defendant was driving. Aware of his search condition, the police inspected the van and found a VCR under the driver's seat. Inside the VCR, where tapes are usually placed, the police found a loaded handgun with a bullet in the chamber.

## ANALYSIS

We have reviewed the record in this case. The trial court in the first two incidents properly advised the defendant of his rights before taking his no contest pleas. Appropriate conditions were imposed in each instance, including the obligation to obey all laws and allow warrantless search. The residential burglary was a especially serious matter and the trial court generously agreed to a probationary sentence. The "last straw" traffic stop with the firearm in the van occurred approximately 13 months after the grant of probation for the burglary. Defendant was competently represented by counsel in each

3

matter. The trial court properly exercised its discretion in declining to impose a third grant of probation after this pattern of defendant's behavior.

## DISPOSITION

The judgment is affirmed.

_____

DONDERO, J.

We concur:

_____

HUMES, P. J.

_____

BANKE, J.

5

A143837